IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRANDON JAMAL RYLES, #296964, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 2:18-cv-569-ECM |
| | ) (wo) |
| JEFFERSON S. DUNN, *et al.*, | ) |
| Respondents. | ) |

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on the Recommendation of the Magistrate Judge (doc. 15), and the Petitioner's objections thereto (doc. 16).

Following an independent evaluation and *de novo* review of the file in this case, the Court finds the objections to be without merit and due to be overruled.

In September of 2014, a jury found the Petitioner, Brandon Ryles ("Ryles"), guilty of two counts of felony murder. Ryles was sentenced to consecutive terms of life imprisonment. On appeal, Ryles argued that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to turn over a recording of a telephone conversation. The Alabama Court of Criminal Appeals expressed doubt as to whether the conversation was suppressed, but did not reach that issue, instead affirming Ryles' conviction because the recording was not material evidence. (Doc. 6-19).

After considering Ryles' petition for writ of habeas corpus, the Magistrate Judge recommended that the petition be denied because the Alabama Court of Criminal Appeals' decision was not an unreasonable application of Supreme Court law. (Doc. 15).

Ryles raises two objections to the Recommendation of the Magistrate Judge. The first is to the Magistrate Judge's statement of fact, based on a date cited by the Alabama Court of Criminal Appeals (doc. 6-19 at 8), that the conversation recording was turned over to Ryles during the course of his trial. That statement in the Recommendation was an error. (Doc. 6-28). However, the date on which the recording was turned over was not a factor in the Alabama Court of Criminal Appeals' decision or the Magistrate Judge's Recommendation, which were based on a lack of materiality of the evidence. Therefore, while the Recommendation is due to be modified to correct the factual error, correction of the error does not entitle Ryles to relief.

Ryles' second objection is that the "test of materiality applied by the Court of Criminal Appeals was unreasonable." (Doc. 16 at 3). Ryles argues that the Court of Criminal Appeals used a standard of whether the outcome of the trial would have been different had the evidence been introduced at trial, but should have analyzed whether there was an undermining of confidence in the verdict. (*Id.* at 4)(citing *Wearry v. Cain*, 136 S.Ct. 1002, 1006 (2016) for the proposition that a defendant can prevail even if the undisclosed information may not have affected the jury's verdict).

The "contrary to" and "unreasonable application" clauses of 28 U.S.C. §2254(d)(1) are separate bases for reviewing a state court decision. *See Ventura v. Att'y Gen., Fla.*, 419 F.3d 1269, 1280–81 (11th Cir. 2005). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* Under the

"unreasonable application" standard, a federal habeas court may grant a writ if the state court identified the correct federal legal standard, but applied it in an objectively unreasonable way. *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

Although couched in terms of an "unreasonable application," Ryles' argument that the Alabama Court of Criminal Appeals improperly required him to demonstrate that the jury would have reached a different verdict is an argument that the standard used was "contrary to" the standard adopted by the Supreme Court.

A *Brady* claim requires a showing of materiality which is met if there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985). "A reasonable probability does not mean that the defendant would more likely than not have received a different verdict with the evidence, only that the likelihood of a different result is great enough to undermine[ ] confidence in the outcome of the trial." *Smith v. Cain*, 565 U.S. 73, 75 (2012)(quotations omitted)(alteration in original).

In its opinion affirming Ryles' conviction, the Alabama Court of Criminal Appeals quoted a case, which in turn quoted *Bagley,* and set forth the following standard of materiality:

> Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome.

(Doc. 6-19 at 8). This is not opposite to a conclusion reached by the Supreme Court on a question of law, but is the standard set out by the Court. *See Bagley*, 473 U.S. at 682.

As Ryles points out, the Alabama Court of Criminal Appeals did refer at various points in its opinion to the probability of change in the outcome of the proceeding, but that language is consistent with *Bagley*. 473 U.S. at 682; *see also Spivey v. Head*, 207 F.3d 1263, 1285 (11th Cir. 2000)(upholding denial of a *Brady* claim because "there is no reasonable probability of a different outcome . . . ."). The mere fact that the Alabama Court of Criminal Appeals did not also repeat its initial use of the definitional "undermining confidence in the outcome" language does not mean that it applied the wrong standard. *See Ventura*, 419 F.3d at 1284 ("[T]he fact that the state court failed to track precisely the language used by the Supreme Court does not mean that it applied the wrong standard here.").

In *Ventura*, the Eleventh Circuit held that a court's conflating of a *Brady* standard and a *Giglio* standard was not a decision contrary to a conclusion reached by the Supreme Court. *Id.* at 1285. The court reasoned that a habeas court's focus is properly on the substance rather than the form of the state court's decision, and that § 2254(d) requires that state-court decisions be given the benefit of the doubt. *Id.* Applying that reasoning here, this Court concludes that Ryles' objection is due to be overruled because the Alabama Court of Criminal Appeals set forth and relied on the correct standard and, therefore, did not arrive at a conclusion opposite to that reached by the Supreme Court.

Ryles additionally raises an argument more properly considered an "unreasonable application" argument. He contends that the evidence of the recorded conversation was

4

material because it undermined confidence in the verdict and that the Magistrate Judge should not have deferred to the Alabama Court of Criminal Appeals' determination otherwise. This Court agrees with the Magistrate Judge, however, that Alabama Court of Criminal Appeals' determination that the recording was merely cumulative to testimony already before the jury and, in light of other evidence of guilt, was not sufficient to undermine confidence in the outcome of the trial, is not an unreasonable application of the Supreme Court standard of materiality.

Accordingly, it is hereby ORDERED as follows:

1. The Objection is SUSTAINED as to the date upon which the recorded phone conversation was turned over to the defense and the Recommendation is modified to state that the recording was turned over to the defense after the conclusion of the trial.

2. The Objections are OVERRULED in all other respects.

3. The Court ADOPTS the Recommendation of the Magistrate Judge as modified.

4. The petition filed by Ryles is DENIED and the case is DISMISSED with prejudice.

A separate Judgment will be entered.

Done this 24th day of September, 2021.

                    /s/ Emily C. Marks
                EMILY C. MARKS
                CHIEF UNITED STATES DISTRICT JUDGE